IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

LESLIE KAUP, Individually and on
Behalf of All Others Similarly Situated        **PLAINTIFFS**

vs.                    Case No. 2:17-cv-2049

**BALDOR ELECTRIC COMPANY**                    **DEFENDANT**

## ORIGINAL COMPLAINT—COLLECTIVE AND CLASS ACTION

COMES NOW Plaintiff Leslie Kaup, individually and on behalf of all others similarly situated, by and through his counsel Steve Rauls and Josh Sanford of Sanford Law Firm, PLLC, and for his Original Complaint—Collective and Class Action against Defendant Baldor Electric Company ("Defendant"), does hereby state and allege as follows:

I.

### JURISDICTION AND VENUE

1.  Plaintiff, individually and on behalf of all others similarly situated, brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* ("AMWA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, civil penalties and costs, including reasonable attorneys' fees, as a result of Defendant's failure to pay Plaintiff and all others

similarly situated overtime compensation for all hours that Plaintiff and all others similarly situated worked in excess of forty (40) per workweek.

2. The United States District Court for the Western District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

3. Plaintiff's claims under the AMWA form part of the same case or controversy and arise out of the same facts as the FLSA claims alleged in this complaint.

4. This Court has supplemental jurisdiction over Plaintiff's AMWA claims pursuant to 28 U.S.C. § 1367(a).

5. Defendant conducts business within the State of Arkansas, with its corporate headquarters in Fort Smith, Arkansas.

6. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Arkansas has personal jurisdiction over Defendant, and Defendant therefore "resides" in Arkansas.

7. Plaintiff Leslie Kaup ("Kaup" or "Plaintiff") was employed by Defendant at its facility located in the Western District of Arkansas. Therefore, the acts alleged in this Complaint had their principal effect within the Western District of Arkansas, and venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## II.

## **THE PARTIES**

8. Kaup is a citizen of the United States and a resident and domiciliary of the State of Arkansas. At all times relevant to the allegations in this Complaint, Kaup was an hourly-paid employee at Defendant's manufacturing plant in Ozark, Arkansas.

9. At all times material herein, Plaintiff and those similarly situated have been entitled to the rights, protections and benefits provided under the FLSA and the AMWA.

10. At all times material herein, Plaintiff and those similarly situated have been classified by Defendant as non-exempt from the overtime requirements of the FLSA, 29 U.S.C. § 207, and the AMWA, A.C.A. § 11-4-211.

11. Defendant is an "employer" within the meanings set forth in the FLSA and AMWA, and was, at all times relevant to the allegations in this Complaint, Plaintiff's employer.

12. Defendant is a manufacturer of industrial electric motors, drives and mechanical power transmission products that operates manufacturing plants throughout the United States.

13. Defendant employs more than one hundred (100) hourly-paid employees at its Ozark Plant.

14. Defendant has employees that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce.

15. Defendant's annual gross volume of sales is not less than $500,000.00.

16. Defendant is a foreign for-profit corporation whose registered agent for service of process for the state of Arkansas is The Corporation Company, located at 124 West Capitol Avenue, Suite 1900, Little Rock, Arkansas 72201.

III.

## FACTUAL ALLEGATIONS

17. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

18. Defendant's Ozark Plant generally operates twenty-four hours per day.

19. Defendant schedules hourly-paid production employees, including Plaintiff, to work eight-hour shifts.

20. Plaintiff and others similarly situated duties require them to arrive for work fifteen to thirty minutes prior to their scheduled shifts so that they can receive information and instructions and prepare their work-stations for their shift.

21. Similarly, Plaintiff and others similarly situated duties require them to work fifteen to thirty minutes after their scheduled shifts so they can clean up their work-station and share information with the workers on the next shift.

22. As a result of their duties requiring hourly workers to arrive early and stay late for each shift, hourly workers, including Plaintiff, are at the Ozark Plant for Defendant's benefit for eight and a half to nine hours per shift.

23. Upon information and belief, Defendant maintains time clock records that reflect the actual time that hourly workers, including Plaintiff, are at the Ozark Plant.

24. During the period relevant to this lawsuit, it was Defendant's policy that if Plaintiff and other similarly-situated employees clocked in early within a 15-minute window, or clocked out late within a 15-minute window, their starting and stopping times were rounded against them to their scheduled starting and stopping times.

25. Defendant schedules Plaintiff and others similarly situated to work five and sometimes six days per workweek at the Ozark Plant.

26. As a result of Defendant's improper rounding practice, Plaintiff and other similarly-situated employees were not fully compensated for all the time they actually worked, including all of the overtime hours they worked over 40 in a workweek.

IV.

## REPRESENTATIVE ACTION ALLEGATIONS

### A. FLSA § 216(b) Classes

27. Plaintiff brings his claims for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

28. Plaintiff brings his FLSA claims on behalf of all hourly workers who were employed at Baldor Electric Company who were or will be employed by Defendant at any time within the applicable statute of limitations period, who

were classified by Defendant as non-exempt from the overtime requirements of the FLSA and are entitled to payment of the following types of damages:

    a.    Payment for all hours worked, including overtime premiums for all hours worked for Defendant in excess of forty (40) hours in a workweek; and

    b.    Liquidated damages and attorney's fees.

29.    In conformity with the requirements of FLSA Section 16(b), Plaintiff has attached hereto as Exhibit "A" a written Consent to Join this lawsuit.

30.    The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Collective and Class Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a).

31.    The members of the proposed Salaried FLSA Class are similarly situated in that they share these traits:

    a.    They were classified by Defendant as non-exempt from the overtime requirements of the FLSA;

    b.    They were paid hourly;

    c.    They recorded their time in the same manner; and

    d.    They were subject to Defendant's common policy of denying overtime pay for all hours worked over forty (40) per work week.

32.    Plaintiff is unable to state the exact number of the potential members of the Hourly FLSA Class but believes that the class exceeds one hundred (100) persons.

33. Defendant can readily identify the members of the Section 16(b) classes. The names and physical and mailing addresses of the FLSA collective action plaintiffs are available from Defendant, and a Court-approved Notice should be provided to the FLSA collective action plaintiffs via first class mail and email to their last known physical and electronic mailing addresses as soon as possible, together with other documents and information descriptive of Plaintiff's FLSA claim.

### B. AMWA Rule 23 Classes

34. Plaintiff, individually and on behalf of all others similarly situated who were employed by Defendant within the State of Arkansas, brings this claim for relief for violation of the AMWA as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

35. Plaintiff proposes to represent the class of hourly workers who are/were employed by Defendant within the relevant time period within the State of Arkansas.

36. Common questions of law and fact relate to all members of the proposed Hourly AMWA Class, such as whether Defendant paid the members of the proposed class for all hours worked, including overtime in accordance with the AMWA.

37. Common questions of law and fact predominate over any questions affecting only the individual named Plaintiff, and a class action is superior to other available methods for fairly and efficiently adjudicating the claims of the members of the proposed AMWA Class.

38. The class members have no interest in individually controlling the prosecution of separate actions because the policy of the AMWA provides a bright-line rule for protecting all non-exempt employees as a class. To wit: "It is declared to be the public policy of the State of Arkansas to establish minimum wages for workers in order to safeguard their health, efficiency, and general well-being and to protect them as well as their employers from the effects of serious and unfair competition resulting from wage levels detrimental to their health, efficiency, and well-being." Ark. Code Ann. § 11-4-202.

39. At the time of the filing of this Complaint, neither Plaintiff nor Plaintiff's counsel knows of any litigation already begun by any members of the proposed class concerning the allegations in this Complaint.

40. Concentrating the litigation in this forum is highly desirable because Defendant is based in the Western District of Arkansas and because Plaintiff and all proposed class members work or worked within Arkansas.

41. No difficulties are likely to be encountered in the management of this class action.

42. The claims of Plaintiff are typical of the claims of the proposed classes in that Plaintiff worked as an hourly employee for Defendant and experienced the same violations of the AMWA that all other class members suffered.

43. Plaintiff and his counsel will fairly and adequately protect the interests of the class.

44. Plaintiff's counsel is competent to litigate Rule 23 class actions and other complex litigation matters, including wage and hour cases like this one, and to the extent, if any, that they find that they are not, they are able and willing to associate additional counsel.

45. Prosecution of separate actions by individual members of the proposed class would create the risk of inconsistent or varying adjudications with respect to individual members of the proposed class that would establish incompatible standards of conduct for Defendant.

## V.

## FIRST CAUSE OF ACTION

### (Individual Claim for Violation of the FLSA)

46. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

47. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

48. At all relevant times, Defendant has been, and continues to be, Plaintiff's "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

49. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

50. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay time and a half of regular wages for all hours worked

over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

51. Defendant classified Plaintiff as non-exempt from the overtime requirements of the FLSA.

52. Despite the entitlement of Plaintiff to minimum wage and overtime payments under the FLSA, Defendant failed to pay Plaintiff an overtime rate of one and one-half times his regular rate of pay for all hours worked over forty (40) in each one-week period.

53. Defendant's failure to pay Plaintiff all overtime wages owed was willful.

54. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

## VI.

## SECOND CAUSE OF ACTION

### (Individual Claim for Violation of the AMWA)

55. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

56. Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA, Arkansas Code Annotated §§ 11-4-201 *et seq*.

57. At all relevant times, Defendant has been, and continues to be, Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

58. Arkansas Code Annotated §§ 11-4-210 and 211 require employers to pay all employees a minimum wage for all hours worked up to forty in one week and to pay one and one-half times regular wages for all hours worked over forty hours in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

59. Defendant classified Plaintiff as non-exempt from the overtime requirements of the FLSA and the AMWA.

60. Despite the entitlement of Plaintiff to minimum wage and overtime payments under the AMWA, Defendant failed to pay Plaintiff an overtime rate of one and one-half times his regular rate of pay for all hours worked over forty (40) in each one-week period.

61. Defendant willfully failed to pay overtime wages to Plaintiff and the members of the proposed class.

62. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint pursuant to Arkansas Code Annotated § 11-4-218.

Page 11 of 15
Leslie Kaup v. Baldor Electric Company
U.S.D.C. (W.D. Ark.) Case No. 2:17-cv-____
Original Complaint—Collective and Class Action

## VII.

## THIRD CAUSE OF ACTION

### (Collective Action Claim for Violation of the FLSA)

63. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

64. Plaintiff, individually and on behalf of all others similarly situated, asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

65. At all relevant times, Defendant has been, and continues to be, an "employer" of Plaintiff and all those similarly situated within the meaning of the FLSA, 29 U.S.C. § 203.

66. Defendant classified Plaintiff and all others similarly situated as non-exempt from the overtime requirements of the FLSA.

67. Despite the entitlement of Plaintiff and those similarly situated to minimum wage and overtime payments under the FLSA, Defendant failed to pay Plaintiff and all those similarly situated an overtime rate of one and one-half times their regular rates of pay for all hours worked over forty (40) in each one-week period.

68. Defendant willfully failed to pay overtime wages to Plaintiff and to others similarly situated.

69. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff and all those similarly situated for monetary damages, liquidated

damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

VIII.

## FOURTH CAUSE OF ACTION

### (Class Action Claim for Violation of the AMWA)

70. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

71. Plaintiff, individually and on behalf of the members of the proposed class, asserts this claim for damages and declaratory relief pursuant to the AMWA, Arkansas Code Annotated §§ 11-4-201 *et seq.*

72. At all relevant times, Defendant has been, and continues to be, an "employer" of Plaintiff and the members of the proposed class within the meaning of the AMWA, Arkansas Code Annotated § 11-4-203(4).

73. Defendant classified Plaintiffs and the members of the proposed class as non-exempt from the overtime requirements of the FLSA and the AMWA.

74. Despite the entitlement of Plaintiff and the members of the proposed class to minimum wage and overtime payments under the AMWA, Defendant failed to pay Plaintiff and the members of the proposed class an overtime rate of one and one-half times their regular rates of pay for all hours worked over forty (40) in each one-week period.

75. Defendant willfully failed to pay overtime wages to Plaintiff and the members of the proposed class.

76. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff and all members of the proposed class for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

## IX.

## PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Leslie Kaup, individually on behalf of himself and all others similarly situated and the members of the proposed Section 216 and Rule 23 classes, respectfully prays as follows:

A. That Defendant Baldor Electric Company be summoned to appear and answer this Complaint;

B. For orders regarding certification of and notice to the proposed collective and class members;

C. For an order entering judgment in favor of Plaintiff and the proposed class members against Defendant for their actual economic damages in an amount to be determined at trial;

D. For liquidated damages as provided for under the FLSA and the AMWA;

E. For a reasonable attorney's fee, costs, and pre-judgment interest; and

F. For such other and further relief as this Court deems necessary, just and proper.

Respectfully submitted,

**Leslie Kaup, Individually and on Behalf of All Others Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
ONE FINANCIAL CENTER
650 S. SHACKLEFORD, SUITE 411
LITTLE ROCK, ARKANSAS 72211
TELEPHONE: (501) 221-0088
FACSIMILE: (888) 787-2040

By: _____
Steve Rauls
Ark. Bar No. 2011170
steve@sanfordlawfirm.com

and _____
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com