## AGREEMENT AND RELEASE ("Agreement")

Baldor Electric Company ("Baldor") and Leslie Kaup, Employee's heirs, executors, administrators, successors, and assigns (collectively referred to throughout this Agreement as "Employee"), agree that:

1. **Consideration.** In consideration for signing this Agreement, and complying with its terms, Baldor agrees:

    a. to pay to Employee One Hundred Forty Five Dollars and Four Cents ($145.04), less lawful deductions, as backpay ten (10) days after the Court's approval of this Settlement Agreement.

    b. to pay to Employee Two-Thousand, Six-Hundred Forty-Five Dollars and Three Cents ($2,645.03), as non-wage damages ten (10) days after the Court's approval of this Settlement Agreement.

    c. to pay to Sanford Law Firm, PLLC One-Thousand Five-Hundred Sixty-Six Dollars and Three Cents ($1,566.03) as 1099 income for attorney's fees and costs ten (10) days after the Court's approval of this Settlement Agreement.

2. **No Consideration Absent Execution of this Agreement.** Employee understands and agrees that Employee would not receive the monies and/or benefits specified in paragraph "1" above, except for Employee's execution of this Agreement and the fulfillment of the promises contained herein.

3. **Dismissal of Lawsuit and Release of Claims**. Employee knowingly and voluntarily releases and forever discharges Baldor, its parent corporation, affiliates, subsidiaries, divisions, predecessors, insurers, successors and assigns, and their current and former employees, attorneys, officers, directors and agents thereof, both individually and in their business capacities, and their employee benefit plans and programs and their administrators and fiduciaries (collectively referred to throughout the remainder of this Agreement as "Releasees"), of and from any and all claims, known and unknown, that Employee asserted or could have asserted in Civil Action No. 2:17-cv-2049 currently pending in the United States District Court, Western District of Arkansas. Employee further agrees to take all steps to ensure that this Agreement is approved by the Court and Civil Action No. 2:17-cv-2049 dismissed with prejudice. Employee does not release claims against Releasees that he raised in court or administrative proceedings prior to June 30, 2018, and that were not raised in Civil Action No. 2:17-cv-2049.

For any claim that is not subject to release, to the extent permitted by law, Employee waives any right or ability to be a class or collective action representative or to otherwise participate in any putative or certified class, collective or multi-party action or proceeding based on such a claim in which Baldor or any other Releasee identified in this Agreement is a party.

4. **Acknowledgments and Affirmations.**

Employee affirms that Employee has not filed, caused to be filed, or presently is a party to any claim for unpaid wages against Baldor except Civil Action No. 2:17-cv-2049 currently pending in the United States District Court, Western District of Arkansas.

Employee also affirms that Employee has reported all hours worked as of the date Employee signs this Agreement and has been paid and/or with the consideration paid herein, will have received all compensation, wages, bonuses, commissions, and/or benefits which are due and payable as of the date Employee's termination of employment occurred, which was March 14, 2017. Employee affirms that Employee has been granted any leave to which Employee was entitled under the Family and Medical Leave Act or related state or local leave or disability accommodation laws.

Employee further affirms that Employee has no known workplace injuries or occupational diseases other than those for which Employee has received workers' compensation benefits.

Employee also affirms that Employee has not divulged any proprietary or confidential information of Baldor and will continue to maintain the confidentiality of such information consistent with Baldor's policies and Employee's agreement(s) with Baldor and/or common law.

Employee shall not apply in the future for employment with Baldor because of, among other things, irreconcilable differences with Baldor.

5. **Return of Property.** Employee affirms that Employee has returned all of Baldor's property, documents, and/or any confidential information in Employee's possession or control. Employee also affirms that Employee is in possession of all of Employee's property that Employee had at Baldor's premises and that Baldor is not in possession of any of Employee's property.

6. **Governing Law and Interpretation.** This Agreement shall be governed and conformed in accordance with the laws of the state of Arkansas without regard to its conflict of laws provision. In the event of a breach of any provision of this Agreement, either party may institute an action specifically to enforce any term or terms of this Agreement and/or to seek any damages for breach. Should any provision of this Agreement be declared illegal or unenforceable by any court of competent jurisdiction and cannot be modified to be enforceable, excluding the general release language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

7. **Nonadmission of Wrongdoing.** The Parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by Releasees of wrongdoing or evidence of any liability or unlawful conduct of any kind.

8. **Amendment**. This Agreement may not be modified, altered or changed except in writing and signed by both Parties wherein specific reference is made to this Agreement.

9. **Entire Agreement**. This Agreement sets forth the entire agreement between the Parties hereto, and fully supersedes any prior agreements or understandings between the Parties. Employee acknowledges that Employee has not relied on any representations, promises, or agreements of any kind made to Employee in connection with Employee's decision to accept this Agreement, except for those set forth in this Agreement.

**EMPLOYEE FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS EMPLOYEE HAS OR MIGHT HAVE AGAINST RELEASEES, EXCEPT AS NOTED IN Paragraph 3, ABOVE.**

The Parties knowingly and voluntarily sign this Agreement as of the date(s) set forth below:

By: *[signature]*
Leslie Kaup

Date: 8/10/2018

Baldor Electric Company

By: *Richard D. Porter (HMK)*
Rich Porter
Counsel, Employment and Labor Law

Date: 8/20/18

4823-0096-7021, v. 2

3